**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLIFFORD KLAIBER,<br><br>Plaintiff,<br><br>v.<br><br>P.A. ATHERTON, *et al.*,<br><br>Defendants. | No. 4:26-CV-00855<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 30, 2026**

Plaintiff Clifford Klaiber filed the instant *pro se* Section 1983[1] lawsuit, alleging constitutional violations by officials at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas), related to his medical care. The Court dismissed Klaiber's initial complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim but granted him leave to amend. Klaiber filed an amended complaint, but that pleading does not cure the material deficiencies in his claims. The Court will therefore dismiss Klaiber's case with prejudice.

## I. BACKGROUND

In his initial complaint, Klaiber alleged that his Eighth Amendment rights were violated by being provided inadequate medical care by P.A. Atherton and two

---

1 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

"John Doe" medical providers. He additionally asserted a First Amendment retaliation claim against the prison's grievance coordinator.[2]

The Court screened his complaint as required by 28 U.S.C. § 1915A(a) and held that he had failed to state a Section 1983 claim for multiple reasons. First, Klaiber had failed to allege personal involvement for one of the "John Doe" defendants.[3] Next, Klaiber had not plausibly stated an Eighth Amendment medical indifference claim because he had not alleged deliberate indifference by the John Doe defendants, and his allegations against P.A. Atherton, at most, sounded in medical malpractice.[4] The Court then dismissed Klaiber's First Amendment retaliation claim because he had failed to allege an actionable adverse action.[5] The Court likewise dismissed all official capacity claims because Klaiber had not sought appropriate prospective equitable relief.[6] Finally, the Court declined to exercise supplemental jurisdiction over any potential state-law claim.[7]

The Court granted Klaiber leave to amend and provided him with specific directions for amendment.[8] He timely filed an amended complaint,[9] which is the operative pleading in this action.

---

2 *See* Doc. 13 at 3.
3 *See id.* at 5-6.
4 *See id.* at 7-9.
5 *See id.* at 9-10.
6 *See id.* at 10-12.
7 *See id.* at 12.
8 *See id.* at 12-14.
9 Doc. 15.

In his amended complaint, Klaiber repeats his allegations that on a single day in August 2025, he was prescribed a medication by P.A. Atherton that had unintended and injurious side effects.[10] Klaiber alleges that P.A. Atherton prescribed Sulfatrim to treat an abscess on his neck, and several days later Klaiber had to be hospitalized because his liver and kidneys "had 'shut down'" and he was also suffering from a bleeding ulcer in his stomach and pneumonia.[11] Klaiber claims this "incorrect medication" caused him to undergo dialysis, a blood transfusion, and surgery.[12]

This time, Klaiber names only P.A. Atherton as a defendant.[13] He seeks compensatory and punitive damages, as well as a declaration that his constitutional rights were violated.[14]

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[15] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[16] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to

---

10 *See id.* ¶¶ 7-9.
11 *Id.*
12 *Id.* ¶ 9.
13 *See id.* ¶ 5.
14 *See id.* ¶¶ 17-20.
15 *See* 28 U.S.C. § 1915A(a).
16 *Id.* § 1915A(b)(1).

screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[17]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[18] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[19] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[20]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[21] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[22] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

17 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

18 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

19 *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

20 *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

21 *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

22 *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[23] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[24] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25]

Because Klaiber proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[26] This is particularly true when the *pro se* litigant, like Klaiber, is incarcerated.[27]

## III. DISCUSSION

Upon review of Klaiber's amended complaint, he again fails to state a claim upon which relief may be granted. In this iteration of his pleading, Klaiber asserts a Fourteenth Amendment substantive due process claim,[28] as well as a state-law tort claim of medical malpractice.[29]

---

[23] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[24] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[25] *Iqbal*, 556 U.S. at 681.
[26] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[27] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[28] *See* Doc. 15 ¶ 12.
[29] *See id.* ¶¶ 13-15. Although Klaiber purports to assert state-law claims of "professional negligence," "medical malpractice," and "negligence," his allegations exclusively concern P.A. Atherton prescribing Sulfatrim and the side effects that medication allegedly caused. Thus, although Klaiber lists multiple torts, his allegations implicate a single state-law tort claim of medical malpractice.

### A. Fourteenth Amendment Substantive Due Process

Instead of reasserting an Eighth Amendment medical indifference claim with different or additional facts, Klaiber asserts a "due process" claim under the Fourteenth Amendment with the same allegations as his original complaint. He contends that he had a "liberty interest" in "avoiding unwanted administration [of] drugs."[30] Klaiber thus appears to be attempting to assert a substantive due process claim, but his attempt fails.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution contains both procedural and substantive protections.[31] The substantive component of the Due Process Clause safeguards against certain deprivations of individuals' "life, liberty, and property" by state actors "regardless of the fairness of the procedures used to implement them."[32] In a substantive due process challenge to governmental conduct, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."[33]

A substantive due process claim, however, cannot be maintained when the alleged constitutional violation is "covered by a specific constitutional provision,

---

30 Doc. 15 ¶ 12.
31 *See generally* U.S. Const. amend. XIV, § 1.
32 *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).
33 *Benn v. Univ. Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

such as the Fourth or Eighth Amendment."[34] In such situations, the claim must be analyzed under the rubric of the more specific constitutional provision rather than substantive due process,[35] an "unchartered area" with "scarce and open-ended" guideposts.[36] The "more-specific-provision rule" will often apply when the challenged conduct underlying the substantive due process claim is the same conduct that implicates a more explicit constitutional provision.[37]

Klaiber's substantive due process claim fails by any metric. First, it fails because his allegations of P.A. Atherton prescribing a drug that had unintended side effects does not come close to alleging egregious or outrageous conduct that would shock the conscience.

Second, the claim is barred by the more-specific-provision rule. Klaiber is trying to repackage his Eighth Amendment claim of deliberate indifference to serious medical needs as a substantive due process violation, which he cannot do. Klaiber's amended complaint essentially alleges that his medical treatment at SCI Dallas fell below the constitutional minimum. That is an obvious Eighth Amendment medical indifference claim, which cannot be pursued under the rubric of the substantive due process clause.

---

[34] *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 447 (3d Cir. 2020) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)).
[35] *Id.*
[36] *Collins*, 503 U.S. at 125.
[37] *See Porter*, 974 F.3d at 448.

Finally, to the extent that Klaiber is attempting to assert an Eighth Amendment medical indifference claim like he did in his original complaint, the identical allegations in his amended complaint plainly fail to plausibly allege a constitutional violation for the reasons already provided in this Court's prior opinion.[38] Therefore, this Section 1983 claim—whether viewed under the Fourteenth Amendment or Eighth Amendment—must be dismissed for failure to state a claim upon which relief may be granted.

**B. State-Law Medical Malpractice**

As noted in the Court's prior opinion,[39] the gravamen of Klaiber's lawsuit is that P.A. Atherton committed medical malpractice by prescribing Sulfatrim. Yet Klaiber's allegations do not plausibly state a medical malpractice claim under Pennsylvania law.

Medical negligence, or medical malpractice, "can broadly be defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient[.]"[40] To state a medical malpractice claim under Pennsylvania law, a plaintiff must plausibly allege "a duty owed by the [medical professional] to the patient, a breach of that duty by the [medical professional], that the breach was the proximate cause of the harm suffered, and the damages suffered

---

[38] *See* Doc. 13 at 7-9.
[39] *See id.* at 13-14.
[40] *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003) (citation omitted).

were a direct result of the harm."[41] Expert testimony is almost always required to establish the applicable standard of care, deviation from that standard, causation, and the resulting harm, because such matters are usually "not within the ordinary knowledge and experience of laypersons[.]"[42]

Klaiber alleges that P.A. Atherton prescribed Sulfatrim to treat an abscess, and that he later experienced an adverse reaction to this medication that resulted in hospitalization. This is the full extent of Klaiber's malpractice claim. In no way do such threadbare allegations establish the applicable standard of care, that P.A. Atherton deviated from this standard of care, or that P.A. Atherton's breach caused Klaiber's injuries. For example, Klaiber provides no allegations regarding what medication should have been prescribed, why Sulfatrim may have been contraindicated or was "incorrect" to treat an abscess, or how the prescribing of Sulfatrim to Klaiber was such poor judgment as to fall below the standard of care of a competent physician's assistant.

Simply put, Klaiber has not alleged the elements of medical malpractice. Rather, he has merely asserted that he had an adverse reaction to a prescription medication. That is not enough to plausibly allege general negligence, much less professional negligence. So Klaiber's state-law medical malpractice claim must also be dismissed under Section 1915A(b)(1).

---

41 *Id.* (quoting *Hightower-Warren v. Silk*, 698 A.2d 52, 54 (Pa. 1997)).
42 *Id.* (citing Hightower-Warren, 698 A.2d at 54).

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[43] Further leave to amend will be denied because Klaiber has failed to cure numerous deficiencies with his pleadings even after "amendments previously allowed."[44] The Court will therefore dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Klaiber's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

43 *Grayson*, 293 F.3d at 114.

44 *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").